# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ORLANDO PEAY, #325314,

    Plaintiff,

v.

    Case No. 22-cv-12753
    Hon. Matthew F. Leitman

MARK MCELWEE, et al.,

    Defendants.

_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Michigan prisoner Orland Peay filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Peay alleges he was denied access to the courts and that Defendants obstructed justice because his appeal of the denial of a state habeas corpus petition was transferred from the Detroit office of the Michigan Court of Appeals to the court's Lansing office. (ECF No. 1.) Peay sought to proceed without prepaying court fees and costs, and to that end, provided a copy of a signed certification of his trust account from an authorized jail official. (ECF No. 2.) However, he failed to provide an application to proceed *in forma pauperis* and authorizing withdrawal from his trust fund account.

If a prisoner does not pay the full filing fee or fails to provide an affidavit of indigency or a certified trust account statement, the district court must advise the prisoner of the deficiency and provide the prisoner with thirty days from the date of the deficiency order to correct the error or pay the full filing fee. *McGore v. Wrigglesworth*,

114 F.3d 601, 605 (6th Cir. 1997). On November 21, 2022, Magistrate Judge David R. Grand issued an order of deficiency corresponding to the requirements explained in *McGore* and directing Peay to correct the deficiency within thirty days of the order. (ECF No. 4.)

On December 19, 2022, Peay wrote to the Court noting he had received the order of deficiency. (ECF No. 6.) However, Peay neither provided the appropriate forms nor paid the filing fee in full. He still has not done so.

If a prisoner fails to correct an *in forma pauperis* filing deficiency according to the district court's directions, "the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *McGore*, 114 F.3d at 605. The district court must then order the case dismissed for want of prosecution. *Id*.

As Peay has failed to correct the deficiency in this case, the Court **DISMISSES WITHOUT PREJUDICE** his Complaint for want of prosecution. *See McGore*, *supra*; *see also Erby v. Kula*, 113 F. App'x 74, 75–76 (6th Cir. 2004). Because the dismissal is without prejudice, Peay may refile the case as long as he pays the filing and administrative fees or provides the information necessary to proceed without prepayment of fees under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2023, by electronic means and/or ordinary mail.

                                                      s/Holly A. Ryan
                                                      Case Manager
                                                      (313) 234-5126